[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 15, 2006
THOMAS K. KAHN
CLERK

_____

No. 04-13983
Non-Argument Calendar

_____

D. C. Docket No. 93-14029-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN N. VERPORTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 15, 2006)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

John Verporter appeals his 210-month sentence imposed for being a

convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Verporter's 1995 sentence was enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Verporter appealed this conviction, and we affirmed the district court. The district court later granted his motion to vacate pursuant to 28 U.S.C. § 2255 and re-sentenced him under the then-mandatory sentencing guidelines.

In this appeal after resentencing, Verporter makes basically two arguments. First, he makes an argument based upon Shepard v. United States, 125 S.Ct. 1254 (2005). The gist of his argument is that the district court considered impermissible sources in determining that his prior convictions qualified for the ACCA enhancement, namely, qualitative facts about the crimes rather than the mere fact of the prior convictions. Second, he argues that the district court committed statutory Booker[1] error by sentencing him pre-Booker without recognizing that the Guidelines were in fact advisory.[2]

Turning first to Verporter's Shepard claim, we conclude that the claim is without merit because the record contains no evidence that the district court in fact relied upon impermissible sources. Indeed, at the first sentencing, on May 8, 1995,

---

[1] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).

[2] To the extent that Verporter argues that Almendarez-Torres v. United States, 118 S.Ct. 1219 (1998), is no longer good law, we reject the argument as foreclosed by Supreme Court and Eleventh Circuit precedent.

2

the defense expressly stipulated "that Verporter committed these burglaries, and that these burglaries of an occupied dwelling do qualify as the predicate, the violent offense which would be a predicate toward armed career criminal treatment." 1995 Sentencing Hearing at 3. Verporter did argue at that sentencing, and in the first appeal, that the three predicate crimes occurred sufficiently close together in time that they should be treated as a single crime, or at most no more than two. The judgments of a conviction with respect to those prior crimes were apparently before the sentencing court, and apparently indicated that they occurred on separate dates. Moreover, both the prosecution and the defense agreed that they did occur on separate dates and involved separate dwellings. The sentencing court rejected the argument, and applied the ACCA enhancement. There is no evidence that the sentencing court relied upon any impermissible sources. That decision was affirmed in Verporter's first appeal. At Verporter's resentencing on July 16, 2004, no challenge was asserted based upon the Shepard rationale. Indeed, in the defendant's own testimony at that resentencing, he reiterated his belief that the three crimes occurred over a period of two days. However, he expressly acknowledged: "But that's another issue. I guess it got shot down, so I won't go there." 2004 Resentencing at 32. There was no other mention of the ACCA enhancement. Thus, the admission by the defense at the first sentencing that the crimes did qualify as

3

predicates toward armed career criminal treatment remained uncontested. There being no evidence that the district court, in applying the ACCA enhancement, relied upon impermissible sources, we readily conclude that there is no merit to Verporter's Shepard argument.

Turning to Verporter's argument that the district court committed statutory Booker error in resentencing him, we note that the government has conceded error in this regard, conceded that it bears the burden of proving that the error was not harmless, and has conceded that it cannot satisfy that burden.

For the foregoing reasons, we reject Verporter's Shepard argument, but we vacate his sentence on the basis of the conceded statutory Booker error, and remanded the case for resentencing in a manner not inconsistent with this opinion.

VACATED and REMANDED.